## CIRCUIT COURT OF BRUNSWICK COUNTY

Commonwealth of Virginia

    v.

Aaron Gregory Warwick

May 18, 2009

Case No. CJ08-04

BY JUDGE W. ALLAN SHARRETT

The Court previously has found the juvenile defendant, Aaron Gregory Warwick, guilty of improper driving. Warwick comes before the Court again on May 18, 2009, for disposition. The Commonwealth seeks to have the Court order Warwick to pay restitution for medical expenses as a part of his sentence; the defense argues that the Court has no such authority. Having considered counsel's arguments in court and on brief, the Court decides the issue herein.

*Summary of Facts*

Warwick was the driver of a car involved in a single-vehicle accident in Brunswick County. One of Warwick's passengers had critical and permanent injuries. Warwick was charged with reckless driving, among other traffic-related charges. Defendant appeared in front of this Court on an improper driving conviction. He conceded that the facts were sufficient for a finding of guilt on the charge of improper driving, but the matter at issue was whether or not the Court could order Defendant to pay restitution. According to the Commonwealth, the victim had medical bills in excess of $400,000, most of which was covered by her insurance or written off by providers. She is left with $29,813.76 in out-of-pocket expenses. The Commonwealth asked the Court to impose a $500 fine, suspend that fine in its entirety, and order

Defendant to pay restitution in the amount of $29,813.76 to the victim. The defense contended that the Court is without jurisdiction to order restitution under these circumstances.

## Discussion

The issue in this case is whether the Court has the authority to order a juvenile to pay restitution upon conviction of improper driving. The answer is purely statutory. Code of Virginia § 19.2-303 governs the ordering of restitution in a case where the sentence is suspended. The instant case falls under this statute because the Commonwealth seeks to have the Court suspend the $500 fine against Warwick. "After conviction . . . the court . . . *may*, as a condition of a suspended sentence, require the defendant to make at least partial restitution to the aggrieved party or parties for damages or loss caused by the *offense* for which convicted. . . ." Va. Code § 19.2-303 (2008) (emphasis added). This code section is the Commonwealth's best argument. However, the question remains, what is an "offense"? According to the Code, albeit in the general crimes title of the code and not the criminal procedure title, "Offenses are either felonies or misdemeanors. . . . Traffic infractions are violations of public order . . . and not deemed to be criminal in nature." Va. Code § 18.2-8 (2004). The General Assembly makes a clear distinction between "offenses" (*i.e.* felonies or misdemeanors) and "traffic infractions"; thus, traffic infractions are not offenses and therefore do not fall under Va. Code § 19.2-303. Improper driving is a traffic infraction. "Improper driving shall be punishable as a traffic infraction punishable by a fine of not more than $500." Va. Code § 46.2-869 (2005). Therefore, the Court cannot order Warwick to pay restitution, at least not under Code § 19.2-303.

Two other code sections govern restitution for medical expenses: §§ 19.2-305(B) and 19.2-305.1(B). Section 19.2-305.1(B) states that "any person who . . . commits, and is convicted of, a crime in violation of any provision of Title 18.2 shall make at least partial restitution . . . for any medical expenses . . . incurred by the victim . . . as a result of the crime. . . ." Va. Code § 19.2-305.1(B) (2008). The instant case does not come under this statute, as Warwick was found guilty of a traffic infraction pursuant to § 46.2-869, as opposed to being found guilty of a crime in violation of a statute in Title 18.2. Both counsel seem to agree that this section is inapplicable. The Commonwealth states on brief that, because improper driving is a traffic infraction and not a crime, § 19.2-305.1(B) does not apply, but instead § 19.2-305 applies.

The Commonwealth hangs its hat on § 19.2-305(B), claiming that it authorizes the Court to order restitution as a condition of probation. Section 19.2-305(B) is as follows: "A defendant *placed on probation* following conviction *may* be required to make at least partial restitution . . . to the aggrieved party . . . for damages or loss caused by the *offense* for which conviction was had. . . . Va. Code § 19.2-305(B) (2008) (emphasis added). There are two problems with the Commonwealth's assertion. First, Warwick is not on probation, nor can he be placed on probation for a traffic infraction since it is not criminal. Second, restitution may be ordered for damages caused by an "offense," which, as previously stated, by definition does not include traffic infractions such as improper driving. Therefore, the Commonwealth's argument fails.

There is no other avenue by which the Court could order restitution as part of the sentence. Because Warwick has been found guilty of a traffic infraction, the following statute applies: "In cases involving a child who is charged with a traffic infraction, the court may impose only those penalties which are authorized to be imposed on adults for such infractions." Va. Code § 16.1-278.10 (2003). Therefore, there is no additional way the Court can impose restitution by virtue of the fact that Warwick is a juvenile.

## Conclusion

While the Commonwealth has a noble goal of making the victim whole in this case, there is no way under the law that the Court can order Warwick to pay restitution to the victim. By statute, restitution can be ordered upon convictions of felonies or misdemeanors, collectively "crimes" or "offenses"; however, by exclusion, it cannot be ordered upon convictions of traffic infractions. Likewise by statute, improper driving is a traffic infraction. Therefore, having found Warwick guilty of improper driving, the Court cannot order him to pay restitution.